The opinion of the Court was delivered by
Munro, J.
The proposition announced in the defendant’s first ground of appeal, the only one we deem it necessary to consider, is too well established to be questioned, that in an action against a ministerial officer for taking goods under an execution, whether it issue from a Court of general or of limited jurisdiction, if the process be regular upon its face, as to him, it is a sufficient protection — he is not bound to look, behind it. Nor is the production of the judgment at all necessary. Neither is he bound to plead such justification specially; but under the Act of 1733, he is permitted to give it in evidence under the plea of the general issue. See Hunter vs. McElhenny, 2 Brev. 103; 2 McM. 335.
There is a distinction, however, between the plaintiff at whose suit the execution is issued, and the officer who executes it. The former must exhibit the judgment, if he justifies under it. See 3 Phill. Ev. 1078, and note 738. It is this distinction between .the officer who executes the process, and the plaintiff in the execution under which the seizure is made, that constitutes the difference between the case under *253 consideration and the recent case of Etters vs. Etters, 11 Rich. 413. And it was entirely owing to a misconception on circuit of the point decided in that case, occasioned by the absence of a report of it, that the error in excluding the executions in this case is attributable.
In the case of Etters vs. Etters, the action was against the constable and the plaintiffs in the executions under which the seizure was made. The latter attempted. to show that they were judgment creditors, and that the plaintiff’s claim was founded in fraud. To do this, they relied entirely upon the production of the executions. These were ruled out; and upon appeal, the ruling on circuit was sustained, upon the ground, that since the Act of 1839, a magistrate’s judgment • can only be proved by his book, which by the Act he is required to keep. If in that case the constable had been sued alone, or had severed in his defence, in either case, the production of the executions without the judgments would have been sufficient. And it is equally clear, that the full benefit of the rule should have been extended to this defendant.
The motion is therefore granted.
O’Neall, Wardlaw, and Glover, JJ., concurred.

Motion granted.